# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACQUELIN CORNEJO,**

    **Plaintiff,**

**v.**                                                     **Case No:   6:20-cv-257-Orl-31LRH**

**BANK OF AMERICA, N.A. and FAY SERVICING, LLC,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte* based on the undersigned's review of the case for subject matter jurisdiction. A district court has the obligation, at the earliest possible stage in the proceedings, to examine a notice of removal *sua sponte* and determine whether the removal was proper and whether subject matter jurisdiction may be lacking. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because removal jurisdiction raises unique federalism concerns, a district court must construe removal statutes strictly. *Id.* at 411.

Plaintiff Jacquelin Cornejo filed an amended complaint against Defendants Bank of America, N.A. and Fay Servicing, LLC in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. Doc. No. 1-1. In the complaint, Plaintiff alleges claims for breach of contract. *Id.* On February 14, 2020, Defendant Fay Servicing, LLC, with the consent of Bank of America, removed the matter to this Court, alleging that the Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). Doc. No. 1.

Upon review of Fay Servicing's notice of removal, the undersigned concluded that Fay Servicing had not established that the parties were completely diverse. Specifically, Fay Servicing had not sufficiently established Plaintiff's citizenship, pointing only to the allegations of the state court complaint in which Plaintiff alleged that she is "a resident of Orange County, Florida." *See* Doc. No. 1 ¶ 7; *Kerney v. Fort Griffin Fandangle Ass'n., Inc*., 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction.").[1] Moreover, Fay Servicing had failed to establish its own citizenship; the notice of removal states only that "Fay Servicing LLC is a Delaware Limited Liability Company with a principal place of business [in] Chicago, Illinois." Doc. No. 1 ¶ 8. However, because Fay Servicing is an LLC, it was required to identify each of its members and the citizenship of each of its members to establish diversity of citizenship between the parties in this case. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C*., 374 F.3d 1020, 1022 (11th Cir. 2004).

Based on the foregoing, I determined that, absent additional evidence establishing the citizenship of the respective parties, Fay Servicing had not sufficiently established the existence of diversity jurisdiction. Accordingly, I issued an Order to Show Cause requiring Fay Servicing, on or before March 4, 2020, to show cause why the case should not be remanded for lack of subject matter jurisdiction. Doc. No. 3.

On March 4, 2020, Fay Servicing filed a response to the Order to Show Cause,[2] in which Fay Servicing states that it "does not possess sufficient evidence requested from the Court" to prove

---

[1] In *Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] On March 2, 2020, Fay Servicing also filed a "Notice of Withdrawal of Removal and Notice of Remand," Doc. No. 7, but that notice was stricken for failure to comply with the rules of the Court. *See* Doc. No. 8 (citing 28 U.S.C. § 1447(c); Fed. R. Civ. P. 7(b)(1); and Local Rule 3.01(a)).

the citizenship of the parties, and therefore, it "understands that the Court will recommend that the case be remanded without further notice."  Doc. No. 9.  Based on this response, Fay Servicing has failed to carry its burden of demonstrating that the Court has subject matter jurisdiction over this case based on the diversity of citizenship between the parties.  *See Univ. of S. Ala.*, 168 F.3d at 411–12 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal." (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998))).  Therefore, the matter is due to be remanded to state court.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court:

1. **REMAND** this matter to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida for lack of subject matter jurisdiction;

2. **DIRECT** the Clerk of Court to mail a certified copy of the order of remand to the Clerk of Court for the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, *see* 28 U.S.C. § 1447(c); and

3. **DIRECT** the Clerk of Court to terminate any pending motions and thereafter close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 5, 2020.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record